No. 30,309.

MARY A. WENTWORTH, *Appellee*, v. WILLARD WENTWORTH, GEORGE WENTWORTH, EARL WENTWORTH, EDWARD WENTWORTH, LAURA LEWIS and EVA SEWELL, *Appellants*.

(11 P. 2d 694.)

Opinion filed June 4, 1932.

*O. Renn, George Templar,* both of Arkansas City, *James A. McDermott* and *Richard B. McDermott,* both of Winfield, for the appellants.

*Earl Taggart, John Bradley,* both of Wellington, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. R. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to partition real estate. Judgment was for plaintiff. Defendants appeal.

The parties to the action are Mary A. Wentworth, the widow of Wallace W. Wentworth, who brought the action, and several of the children of Wallace by a former marriage. The basis of the claim of Mary A. Wentworth is that at the time of the death of her husband they each owned an undivided one-half of the real estate in question and that on his death she became entitled to her undivided one-half plus a widow's share of the undivided one-half which her husband had owned. The trial court adopted this view and decreed her to be the owner of an undivided three-fourths interest. It is from that judgment that this appeal is taken.

Wallace W. Wentworth and Mary A. Wentworth were married in 1898. Both had children by a former marriage. Both owned real estate at the time of their marriage. Without setting out details, at the time of their marriage each owned about the same amount of real estate.

Along in 1908 Mr. Wentworth became involved in financial difficulties. He admitted he owed the Citizens and Farmers State Bank

$5,000. The bank claimed that he owed about $2,100 in addition. He was also involved with the Security State Bank in the amount of $2,704.29. S. J. Gilbert was the president of that bank. On November 4, 1908, the Citizens and Farmers State Bank closed its doors and went into the hands of a receiver. This receiver immediately began pressing for payment of the amount claimed to be due the bank.

On November 17, 1908, Mr. and Mrs. Wentworth executed a mortgage to the bank on some lots owned by them in Arkansas City in the amount of $4,000.

At the same time Wallace W. Wentworth and Mary A. Wentworth executed a warranty deed to S. J. Gilbert for eighty acres of land that Wallace W. Wentworth had deeded to his wife when they were married, the 240 acres that stood in the name of Wallace W. Wentworth, and an undivided half interest in eighty acres which he had inherited from his first wife. At the same time all this real estate was conveyed back to "Wallace W. Wentworth and Mary A. Wentworth, husband and wife, jointly" except for the undivided one-half interest in the eighty acres which he had inherited from his first wife, and that was conveyed to Wallace W. Wentworth. These conveyances were by quitclaim deeds signed by Mr. and Mrs. Gilbert. The deeds to the Wentworths were immediately delivered to them and remained in their possession. These deeds were not recorded till the indebtedness of Wallace W. Wentworth to the Security State Bank was paid. On November 11, 1908, Mr. and Mrs. Wentworth joined in a conveyance of 159 acres of land that had been left her by her first husband, and an odd lot, called lot 5, containing thirty-two acres, which had belonged to Wallace W. Wentworth at the time of his marriage. This land was sold for about $4,775. This money was used to pay debts of Mr. Wentworth.

In reply of appellee she alleged that the conveyances spoken of heretofore to the Gilberts were made "to protect the said Wallace W. Wentworth, as he thought and believed, against unjust and illegal demands of said Citizens and Farmers State Bank and the receiver thereof," and on her cross-examination by counsel for appellant she testified as follows:

"Q. Then you executed a deed to Gilbert to put all of that land out of your hands so the bank couldn't get it? A. So the bank couldn't get the twenty-one hundred. We expected to pay what we owed."

The petition alleged that at the time of the death of Wallace W. Wentworth the plaintiff and Wallace W. Wentworth were the owners in fee simple in equal undivided one-half interests, standing in their joint names, of the real estate in question. It was upon this allegation that appellee based her claim to an undivided one-half plus an undivided one-fourth. The answer of defendants alleged that while the real estate in question did stand in the joint names of Wallace W. Wentworth and Mary A. Wentworth, still Mr. Wentworth really was the sole owner in fee simple of the real estate in question. In the answer they set out the conveyances that have been spoken of heretofore and alleged that the conveyances to Gilbert were mortgages and for the benefit of the bank, and the conveyances to Mr. and Mrs. Wentworth from the Gilberts were releases of their mortgages. The reply of appellee denied this and contained the allegations heretofore spoken of.

It will be seen that a clear-cut issue of fact is made out by these pleadings.

The court made extensive findings of fact. Those material here are as follows:

"23. The court further finds that the quitclaim deed dated and acknowledged the 17th day of November, 1908, from Samuel J. Gilbert and Martha E. Gilbert, his wife, to Wallace W. Wentworth and Mary A. Wentworth, husband and wife, jointly, conveying:

"'The W½ of the NE¼ and the NW¼ of sec. 33, twp. 34, range 2 east, and the N½ of the SW¼ of sec. 32, twp. 34, range 2 east, Sumner county, Kansas,'

and filed for record on the 26th day of April, 1909, in the office of the register of deeds of Sumner county, Kansas, was a conveyance of said property to said Wallace W. Wentworth and Mary A. Wentworth, jointly, and not the release of any mortgage or deed given or intended to be a mortgage or security for any debt.

"24. The court further finds that at the time of the death of Wallace W. Wentworth, the fee title to the last above described real estate was in Wallace W. Wentworth and Mary A. Wentworth, jointly, and that each owned an undivided one-half interest therein at all times since the date of said last above mentioned deed until the death of said Wallace W. Wentworth."

The brief of appellants is an argument to this court to examine the evidence and reach a different conclusion as to the facts. It would needlessly encumber this opinion to set out all that evidence here. Suffice it to say, this court regards it as ample to sustain the above findings.

The judgment of the district court is affirmed.